UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **MINIKA R. MONROE**<br>1730 Garrard Street<br>Covington, KY  41014 | : CASE NO. _____<br>:<br>: JUDGE _____ |
| **Plaintiff** | : |
| vs. | :<br>: **PLAINTIFF'S COMPLAINT** |
| **AIMBRIDGE HOSPITALITY, LP**<br>4100 Midway Road, Suite 2115<br>Carrolton, TX  75007 | : **AND JURY DEMAND**<br>:<br>: |
| and | : |
| **AIMBRIDGE EMPLOYEE SERVICE CORP.**<br>4100 Midway Road, Suite 2115<br>Carrolton, TX  75007 | :<br>:<br>:<br>: |
| **Defendants** | : |

Comes now Plaintiff, by and through counsel, and for her Complaint against Defendants alleges as follows:

1.   Plaintiff is a resident of Covington, Kentucky.  She has multiple and severe disabilities stemming from a gunshot wound to the head suffered in 2003.

2.   Defendant Aimbridge Hospitality, LP (hereinafter "Aimbridge Hospitality") is a limited partnership that, during the time relevant to this Complaint, operated and managed the "Cincinnati Marriott at RiverCenter Hotel" (hereinafter "the Marriott") in Covington, Kentucky.

3. Defendant Aimbridge Employee Service Corp. is a corporation affiliated with Aimbridge Hospitality, and was the entity by which employees of the Marriott were paid at the time of the events complained of herein.

4. Plaintiff was employed at the Marriott, in the hotel laundry, from October of 2006 until January 30, 2010.

5. Defendant Aimbridge Hospitality began managing the Marriott on or about August 15, 2007, at which time Plaintiff began receiving her paychecks from Defendant Aimbridge Employee Service Corp.

6. Because of her disabilities, Plaintiff was and is unable to work 8 hours a day or 40 hours a week.

7. With a part-time schedule, however, Plaintiff was able to perform the essential functions of her job at the Marriott, and did so successfully for over three years.

8. Plaintiff enjoyed her job. It gave her great satisfaction to be able to work in spite of the serious physical and mental challenges she faces.

9. Permitting Plaintiff to work part-time did not impose an undue hardship on Defendants.

10. On or about January 19, 2010, however, Defendants announced to Plaintiff and others that they were eliminating part-time schedules in the housekeeping department (which included the hotel laundry) at the end of the month.

11. Defendants were aware that Plaintiff was unable to work a full-time schedule because of her disabilities.

12. Plaintiff requested that, due to her disabilities, she be permitted to continue to work a part-time schedule, as she had been doing for over three years.

13. Defendant, however, did not offer Plaintiff any part-time positions after the January 19th meeting.

14. Plaintiff's last day of work was January 30, 2010.

15. On February 4, 2010, Plaintiff delivered to Krista Rinehart, Defendants' Human Resources representative at the Marriott, a letter that stated as follows:

> I am very upset about the loss of my job. I still don't understand why you wouldn't let me keep working part-time like I asked. You know my medical conditions prevent me from working full-time. Why won't you let me keep working part-time like I did for so long? I never received an answer to this question. Please explain it to me in writing.

16. Defendant never responded to Plaintiff's letter.

17. Allowing Plaintiff to continue to work part-time would have constituted a reasonable accommodation of her disabilities.

18. Defendants failed to offer Plaintiff this or any other reasonable accommodation of her disabilities.

19. Defendants failed and refused to engage in any meaningful interactive process to find a reasonable accommodation for Plaintiff.

20. To the extent Defendants participated at all in an interactive process with Plaintiff, said process broke down due to Defendants' failure to engage in the process in good faith, and/or to its cutting off of communication with Plaintiff.

21. Permitting Plaintiff to continue to work a part-time schedule would not have imposed an undue hardship on Defendants.

22. Defendants' acts and omissions, as hereinabove described, violated the federal Americans With Disabilities Act and the Kentucky Civil Rights Act, KRS §344.010, et. seq.

23. As a direct and proximate result of the aforesaid violations, Plaintiff has suffered and continues to suffer damages. Her damages include, but are not limited to, the loss of her employment, lost wages and benefits, loss of self-esteem, mental anguish, emotional distress, humiliation, embarrassment, fear, and anxiety.

24. Defendants' unlawful behavior was intentional and reckless, and exhibited a conscious disregard for Plaintiff's rights.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, jointly and severally, and prays for the following relief:

1. Back pay and benefits in an amount to be determined at trial;

2. Reinstatement to her former position;

3. Front pay in an amount to be determined at trial if reinstatement is for any reason determined not to be feasible;

4. Compensatory damages in an amount to be determined at trial;

5. Punitive damages in an amount to be determined at trial;

6. Her attorney's fees, court costs, and expenses of litigation; and

7. All other and further relief to which she may be entitled.


      /s/ Richard L. Norton
Richard L. Norton (52124)
*Attorney for Plaintiff*
KATZ, GREENBERGER & NORTON LLP
105 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Telephone: (513) 698-9340
Facsimile: (513) 345-2595
Email:rln@kgnlaw.com

OF COUNSEL:

Stephen E. Imm
KATZ, GREENBERGER & NORTON LLP
105 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
Telephone: (513) 698-9365
Facsimile: (513) 345-2594
Email: sei@kgnlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

                                                  */s/ Richard L. Norton*
                                                  Richard L. Norton (52124)

290381